CLERK'S OFFICE U.S. DISTRICT. COURT
AT ROANOKE, VA
FILED

DEC 08 2023

LAURA A. AUSTIN, CLERK
BY: Megau post
DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**

JAMAL JAHA NUBI,

      Plaintiff,

vs.

THE NUMERO GROUP LLC,

      Defendant

Civil Action No. 7:23 CV 00797

COMPLAINT AND
DEMAND FOR JURY TRIAL

## COMPLAINT

1.      Jamal Jaha Nubi (the "Plaintiff") for his complaint against the The Numero Group, LLC (the "Defendant"), alleges:

## NATURE OF THE CASE

2.      This action is brought to redress the flagrant and deliberate copyright infringement, in violation of 17 U.S.C. § 501, of the musical composition and sound recording entitled "Our Love", co-written and co-recorded by renowned recording artist Plaintiff Jamal Jaha Nubi. The "Our Love" sound recording, embodying the "Our Love" musical composition was created in 1980. (See Exhibit A).

3.      In or about 2016 through 2018, the Defendant licensed or otherwise permitted use of Plaintiff's "Our Love" for use in the films entitled Moonlight and Roxanne Roxanne (the "Infringing Works"). (See Exhibits B and C).

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

4.      Moonlight was released on October 21, 2016. Moonlight received three (3) Oscar Awards and grossed $27,854,932 in the US and Canada and over $65,000,000.00 worldwide. (See Exhibit D). Moonlight is additionally believed to have been, since 2016, and to currently be streamed through numerous streaming platforms including HBO, Apple TV, Youtube TV as well as many others. (See Exhibit E).

5.      Roxanne Roxanne was released on March 23, 2018. Roxanne Roxanne's monetary success upon release has thus far not been accessible by Plaintiff. Roxanne Roxanne is additionally believed to have been and to currently be streamed through numerous streaming services, including Netflix.

6.      The Infringing Works purposefully and prominently used the "Our Love" musical composition and sound recording.

7.      Defendant never received a license to use "Our Love". *Plaintiff and Defendant had an Administration Agreement executed on July 9th, 2015 which granted Defendant a license in certain other co-created musical works by Plaintiff. However, the Administration Agreement did not include a license for use of "Our Love."*

8.      In or about 2023, Plaintiff became aware of the infringing use of Plaintiff's copyrighted work. On May 30, 2023, Plaintiff, through counsel, sent a Cease and Desist and Demand Letter to Defendant. Plaintiff demanded: (1) Defendant cease and desist publishing, printing, displaying, otherwise publicly using the copyrighted work; (2) Defendant agree to acknowledge in writing that Jamal Jaha Nubi is the writer and legal owner of the copyrighted work; (3) Defendant agree to provide to Jamal Jaha Nubi a complete accounting of all revenues generated from the unauthorized use of the copyrighted work; and (4) Defendant agrees to pay Jamal Jaha Nubi a fair market percentage and/or royalties generated as a result of the unauthorized use of the copyrighted work.

COMPLAINT AND DEMAND FOR JURY TRIAL - 2

9.     On June 28th, 2023, Defendant corresponded via Associate General Counsel, Leigh Isaac, of the Secretly Group admitting that Plaintiff "did not receive payments" for use of "Our Love" in Moonlight and Roxanne, Roxanne. Defendant alleged that this was an "inadvertent omission." Defendant stated that it is working on a review of all the uses of "Our Love" and will provide more information.

10.    Thereafter, Defendant unilaterally elected to pay Plaintiff off through a direct wire payment in an attempt to avoid any further claims by Plaintiff of copyright infringement. Plaintiff rejected these payments because they failed to fully compensate Plaintiff for the injury he has suffered.

## JURISDICTION AND VENUE

11.    This Court has subject matter jurisdiction of this claim pursuant to 28 U.S.C. §§1331 and 1338(a).

12.    Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as Defendant solicits and does business in this district, and Jamal Jaha Nubi is being injured in this district.

## PARTIES

13.    Jamal Jaha Nubi is a natural person and is a professional singer, songwriter, musician, and recording artist.

14.    The Defendant, The Numero Group LLC, is an Illinois limited liability company with its principal place of business at 2533 S. Troy Street, Chicago, IL 60623.

## COUNT I – DIRECT COPYRIGHT INFRINGMENT

15.    Plaintiff incorporates each and every paragraph of this Complaint as if fully set forth herein.

COMPLAINT AND DEMAND FOR JURY TRIAL - 3

16.     Plaintiff Jamal Nubi's "Our Love" sound recording and musical is an original, creative work that contains and constitutes copyrightable subject matter under the Copyright Act.

17.     Plaintiff Jamal Nubi is the co-owner of valid copyrights in the sound recording and music "Our Love." The sound recording and music was registered in the U.S. Copyright Office on December 07, 2022 (Registration Numbers SRu001527081).

18.     By its actions, Defendant has infringed Plaintiff's copyright by, inter alia, reproducing, distributing, publicly performing, and/or digitally transmitting the "Our Love" sound recording, and creating derivative works from it, without any authorization, permission, license, or consent from Plaintiff. That is, in licensing or otherwise permitting use of Plaintiff's copyrighted work "Our Love" in the films Moonlight and Roxanne Roxanne, Defendant has directly infringed Plaintiff's copyrighted work.

19.     Defendant's acts of infringement are knowing, deliberate, and willful, and in utter disregard for Plaintiff's rights. That is, Defendant's have been made aware of Plaintiff's copyright in "Our Love" and Defendant does not maintain a license or other agreement for use of "Our Love" in any way. Despite being aware of such facts, Defendant has not taken steps to stop the use of "Our Love" in the Infringing Works, nor has Defendant made a good faith attempt to compensate Plaintiff for the injury he has suffered as a result of Defendant's infringement.

20.     Defendant has illicitly benefited from the success of the Infringing Works that make unauthorized use of "Our Love", in ways including but not limited to sales and streaming revenue for the Infringing Works, and an increase in name recognition leading to an increase similar business.

21.     As a result of Defendant's wrongful conduct, Plaintiff has been substantially and irreparable harmed.

22.     Plaintiff is entitled to injunctive relief prohibiting Defendant, its agents, representatives, employees, and licensees from further infringing Plaintiff's copyrights.

23.     In addition, Plaintiff is entitled to recover from Defendant the damages it has sustained and continues to sustain, and any grains, profits, and advantages obtained by Defendant as a result of its infringement. Alternatively, Plaintiff is entitled to statutory damages pursuant to 17 U.S.C. § 504.

## COUNT II - CONTRIBUTORY COPYRIGHT INFRINGMENT

24.     Plaintiff incorporates each and every paragraph of this Complaint as if fully set forth herein.

25.     Defendant encouraged, induced, designed, directed, produced, controlled, oversaw, or otherwise materially contributed to the creation of the Infringing Works that make unauthorized use of the copyrighted "Our Love" sound recording and music.

26.     Defendant distributed, exploited, and promoted the Infringing Works. Defendant represented that it had the right to, ability, and authority to control and supervise the licensing of the sound recording of "Our Love" to the creators of the Infringing Works and Defendant had the ability to terminate the license of the sound recording and music "Our Love" in the Infringing Works.

27.     Defendant directly profited from the duplication of and unauthorized creation of the Infringing Works that make an unauthorized use of the sound recording and music of the copyrighted "Our Love".

28.     Defendant knew that it did not own or otherwise have the right to, permission, agreement, or license to use the copyrighted "Our Love" sound recording and music in the Infringing Works.

29.     By promoting and participating in the creation of the Infringing Works that make an unauthorized use of the copyrighted "Our Love" sound recording and music, Defendant, induced, caused, or materially contributed to the infringing conduct alleged herein.

30.     Defendant knew that the use of the copyrighted "Our Love" sound recording and music was without permission and therefore infringing.

31.     Defendant's ongoing conduct after notice from Plaintiff constituted willful contributory copyright infringement.

32.     Plaintiff has been damaged by Defendant's acts of contributory copyright infringement of the copyrighted "Our Love" sound recording and music.

33.     In addition, Plaintiff is entitled to recover from Defendant the damages it has sustained, and any gains, profits, and advantages obtained by Defendant as a result of his infringing acts. Alternatively, Plaintiff is entitled to statutory damages pursuant to 17 U.S.C. § 504.

## *VICARIOUS INFRINGMENT*

34.     Plaintiff incorporates each and every paragraph of this Complaint as if fully set forth herein.

35.     Defendant represented that it had, and exercised, the right, ability, and authority to control and supervise the unauthorized use of the copyrighted "Our Love" sound recording and music in the creation of the Infringing Works.

36.     Defendant did in fact participate in or oversee the creation and dissemination of the Infringing Works.

**37.**   Defendant directly profited from the duplication , public performance, digital transmission, and/or distribution of Plaintiff's copyrighted "Our Love" sound recording and music included in the Infringing Works.

**38.**   Plaintiff has been damaged by Defendant's acts of vicarious infringement of the copyrighted "Our Love" sound recording and music.

**39.**   In addition, Plaintiff is entitled to recover from Defendant the damages it has sustained, and any gains, profits, and advantages obtained by Defendant as a result of its infringing acts. Alternatively, Plaintiff is entitled to statutory damages pursuant to 17 U.S.C. § 504.

## JURY DEMAND

40.   Plaintiffs demand a trial by jury as to all issues so triable in this action.

## PRAYER FOR RELIEF

WHEREFORE, Jamal Jaha Nubi asks that this Court enter judgment in its favor and:

a.   Order that Defendant, and all those active in concert or participation with it, be preliminarily and permanently enjoined from unauthorized use of the Work;

b.   Award Jamal Jaha Nubi damages in an amount to be determined by the Court, including but not limited to actual damages and defendant's profits or statutory damages, pursuant to 17 U.S.C. § 504(a)(2), enhanced to reflect Defendant's willful infringement;

c.   Award Jamal Jaha Nubi its reasonable attorney fees, disbursements, and costs, pursuant to 17 U.S.C. § 505; and

d.   Such further relief that this Court deems just.

COMPLAINT AND DEMAND FOR JURY TRIAL - 7

RESPECTFULLY SUBMITTED this _08_ day of _DEC_, 20_23_

**PRO SE**

By _Jamal Jaha Nubi_
Jamal Jaha Nubi

807B Whitney Ave.  APt. B-301
Roanoke, VA 24012
727-768-3166

COMPLAINT AND DEMAND FOR JURY TRIAL - 8